Welcome back. The next case for argument this morning is United States v. Sassi Mizrahi. Your Honors, in this case, the investigation was incomplete, the evidence was insufficient, the jury instructions were inaccurate, and the guidelines were incorrect. For all of those reasons, and each of them, this court should vacate Mr. Mizrahi's convictions as well as the sentence. Turning to the sufficiency claims, to be clear, all of those claims are evaluated under the snapshot provision in Rule 29B. That is, they are all evaluated on the state of the evidence at the close of the government's case. At that point in the record, the evidence was insufficient as to each of the liars charged for counts 1, 2, 3, and 4. We believe, yes, Your Honor. Well, I mean, didn't, we had 10 witnesses, I mean, the only one who testified after Rule 29 was the brother, and so before that we had six victim witnesses, the FBI agent and the accounting witness. I mean, wasn't there plenty of testimony from Renee Chitret and her husband, Tomer, about, I'll use the word Sassi, I don't mean to be rude, but it's just easier, for the defendant, Mr. Mizrahi, Sassi. Also victim Duster talked a lot about Sassi's involvement. Victim Yehez Keyloff talked about defendant's involvement. Mr. Moore did. Mr. Venegbe did. They all talked about him making both false statements as well as statements that he's their partner, he supervises everything, and there was an email that he sent or a text that he sent to his brother that said we've both been benefiting from it and we're both in this together. Right. Why isn't that plenty of evidence for sufficiency purposes? It is plenty of evidence for sufficiency purposes, but that's not the way this case was charged. So this case was charged with four specific counts of wire fraud, and we can decide this case, I think, your honors, as a matter of first principles. So we know beyond dispute that the government bears the burden of proving beyond a reasonable doubt every element for every count. So hypothetically, if we have four criminal counts charged, the government must prove each element for each count. For wire fraud, what do we know? We know that an essential element of wire fraud is a material representation inducing the victim. As this court held in Miller, to constitute wire fraud, the defendant must, quote, cheat someone out of something valuable. In the words of the Supreme Court in Kelly, the wire fraud statute prohibits only deceptive schemes to deprive the victim of money or property. And so why weren't the victims, the people that I've just named, and the wires that are identified in counts one through four, sufficient to show that they were part of the scheme, they were in furtherance of the scheme, because they were infusions of funds to pay off earlier investors to keep the scheme going. And I don't see any case law that said you have to necessarily have as the specific person identified an account. That doesn't have to be the victim, as long as they provided money to keep the scheme going. Okay, so there's two responses to that, and that is the crux of the matter. And I think the briefs were somewhat talking past each other on this issue. So number one is the way this count, this was charged. They were charged with four specific victims, right? Those are the victims that are charged in counts one through four. It's not, see, I think this is a fundamental misunderstanding of something. You can't just charge wire fraud as a count as just a wire. That's not the way things work. It would be like charging 1326 and just saying alienage. No, for every count, you must prove all the elements. The government can put it in the indictment the way it wants, but due process prevails and requires every count to be proved on each element. Where do you get the statement that it was, those four counts were charged with those people identified as victims? No, I suppose it's because, say, in count one, it says victim JB, victim investor BN.  All right, but- Exactly. That's the victim of that wire fraud count. You can't have a victim of a wire charge, victim of a wire fraud count who's not a victim of fraud. This is becoming an overly complicated analysis of a very simple mischarging situation. They charge, as the court just read, Your Honor, they charged count one, victim JB, count two, victim BN, count three, victim ES, count four, victim KSV. You can't be a victim of wire fraud if you are not defrauded. Here's the second part of my answer to Your Honor's questions. Posit a scenario in which we have 100 investors.  50 of them are legit. 50 of them are fraud. Okay? You can't just say, well, the 50 legit ones are fraudulent because there were 50 fraudulent ones. Those are legit ones. What if these people were told X, Y, or Z, and they legitimately gave over the money? Posit that scenario. Let's just say we had affirmative proof that victim in one, JP, knew exactly what he was getting into and signed up for it and said, no problem. Take that example, though, with the following twist. If there was very little money left in the Mizrazi's bank account, and they had some real true victims, as you've just described, clamoring for their money, where's my money? And so the defendant goes to the victim in count one, JB, and says, I really need some money because I defrauded somebody else, and I can't pay him, and if I don't pay him, he's going to blow the whistle on me, and then I'm going to be in big, big trouble. And JB says, all right, fine. Here's some money. Great. Great answer. Under that example, JB has not been defrauded. However, his money is an integral part of the scheme continuing. I love this question.  And so I think a lot of it depends on what's charged. So if the government charged that those true victims were the victims and not JB, then maybe they'd have an argument. But that's not what happened here. The government charged JB as a victim. You can't put in an indictment you're a victim and then not prove you're a victim. This is such a simple- So you're saying you wouldn't have this argument if they just deleted the word victim right before the name JB? I think that's a stretch that doesn't quite reach, Your Honor. But I think the point is, this is the way this was charged. The point is, they were charged as victims. You want me to posit another scenario? I think I just did, where it would be legitimate if they had charged, okay, well, not to involve you too much, but let's just say Judge Simon is charged as the victim. And then they go to Judge Sung and they say, look, Judge, you know, sorry, Judge, but you know, Judge Simon is the victim here and I need you to give me some money, wire it over because I need to pay back Judge Simon. And you said, you know what, we've been friends for a long time, Mr. Burstein. I'm going to go ahead and do that. Okay, maybe in that situation, they'd have a case. But if they charge Judge Sung as the victim and she knows exactly what's going on, how is she a victim of fraud? I mean, the Supreme Court keeps telling us the same thing and we keep trying to minimize what they're telling us. Why isn't it circumstantial evidence that if the defendant was committing all this fraud against these other victims, the ones I've just described, that it's also reasonable to conclude, at least the jury could decide whether the government has proven it beyond a reasonable doubt, but by circumstantial evidence, he did it to those folks, he did it to the others who gave him money. That is the exact thing that Propensy Evans purports to say. Wasn't that allowed in several other cases out of circuit, the Lewis case from the Tenth Circuit, the Freeman case from the Fifth? No. And I'll get to those. Let me answer the first part of your question first and the second part of your question second. So, no. You can't, I mean, that's basic 101 Propensity evidence. He shot somebody before, so therefore we're going to infer he shot somebody again. No, that's not how it works. You can't do that. And so I would give you the quote from Durham, the Seventh Circuit case. At bottom, the government introduced no evidence from which a jury could reasonably conclude that these particular wire transfers were made in the fraud scheme. And this court has said in Lopez, quote, suspicion or speculation does not rise to the level of sufficient evidence. Okay, so that's our binding precedent. But then if we want to go to non-binding, unpublished, out-of-circuit precedent, we still win. So let's talk about Diamond. So Diamond is the case, the first one they cite. It's an unpublished decision from this court. So what did we do? We went and actually looked at the brief from Diamond. What did the government do in Diamond? They did the exact right thing. The defendant's office manager testified against him and provided clear evidence that the non-testifying victims had been defrauded by the defendant's false promises to eliminate their mortgages. So there was clear, direct evidence of a material misrepresentation against the non-testifying victim. That's exactly what we're missing here. I mean, Diamond supports us so wholeheartedly that I'm grateful to my colleague for citing it. Lewis, which is the next case, Judge Simon, you raised. The government there used the non-testifying victim's entire investment file to show that she was received, deceived, excuse me, regarding her investment. Nothing of the sort here. Freeman, not only was there extensive, those are, these are the three cases, so now I'm on the third. Freeman, not only was there extensive documentary evidence, but a government, this is a direct quote, a government expert traced a $10,000, 500 personal expenditure made by the defendant, excuse me, from the non-testifying victim's funds. I mean, that's as clear evidence as you could possibly have. That's not even circumstantial. That's just direct evidence. I mean, that's the person seeing it raining outside, not the umbrella. So none of those cases hold here. This is a very simple thing, what has happened. And what has happened is, honestly, it was a different, this is my friend here, but this is a different, different trial counsel for the government. They didn't even bother to interview three of the witnesses they charged. They didn't bother to get on the phone and call them and say, were you defrauded? We don't even have hearsay as to three of the four of them. This is honestly and respectfully nobody's fault but the government. They could have called them. They could have at least interviewed them. They could have charged all the wires that Your Honor just mentioned. Your Honor started this with a list of victims the government called. They didn't charge a single one. Sometimes the government makes mistakes. And when the government makes mistakes, there are massive consequences. In this case, there are massive consequences for a person who has no criminal history, who's been serving 87 months in jail. The court should vacate his conviction and remand. We have many other issues. I'm happy to answer any other questions, but I know this court has a long calendar, and I'm almost at my rebuttal time, so I will sit down unless there's anything else. Thank you. Thank you. May it please the court, William Glasser for the United States. I think there are two reasons why Mr. Mizrahi's argument fails. One is sort of the legal one with respect to what we have to charge in wire fraud, and another is a factual one. We think that we have adequately proved, and a jury could infer, that all four of the victims charged in counts one through four were themselves defrauded. If I can look first at the legal one, though, Judge Simon, as you pointed out, the government's understanding from Supreme Court cases that go back a long time is that in order to charge wire fraud or mail fraud, similarly, we have to prove a scheme to defraud. We have to prove a few things like material misrepresentations. And then we have to prove the use of the mails, or in this case, a wire. The Supreme Court has never held, and it has in fact held the opposite, has never held that we have to show that the specific wires were sent to or sent from victims. If you did not use the word victim in counts one through four, and simply said this money was used in furtherance of the fraud, I think your argument would be very, very strong.  Why isn't it a problem that you used the word victim in counts one through four? Your Honor, I think it's not a problem for two reasons. First of all, that would be a question of whether there was a variance, the proof there was a variance from the indictment. And we think that if we were to look at this from a variance perspective, it would be an immaterial variance that doesn't matter and doesn't prejudice the defense. But secondly, he hasn't raised a variance claim here. So if he, this is the first time that I've heard this argument that it was really the problem was that they were charged as victims. That if that was, if the claim is the government charged additional things beyond the elements of the offense in the indictment, and then failed to prove them, then you would analyze that to determine whether there was a variance from the indictment. Your argument is that the complaint alleges a scheme to defraud, that the various wires, one through, in counts one through four, were all used to further that scheme because they provided money when there was very, very little cash left in the defendant's bank account. And if they also alleged that these four wirers were also victims and they didn't prove that, it doesn't matter. That's absolutely correct, Your Honor. And that's our first sort of legal argument. Turning then to the factual argument, the reason that we named these people as victims is we think that the evidence showed that they were, in fact, defrauded. So although this wasn't elicited at trial, obviously, we did prove at sentencing that all four of them suffered losses. But as it relates to the facts here, in trial, we actually did have the FBI agent interviewed one of these victims, Eli Shalom. He subsequently moved to Virginia. And the reason that we didn't call all four of these victims to testify is that they were all in different jurisdictions. Three of them were in Israel. This is all found in the record. One of them was in Virginia. And the witnesses that we did call here who were local to the LA area, they all used cash or checks to give their money to the Mizrahis because they were all members of the same synagogue. So that's the reason that we didn't call them. But we do have evidence in the record, this is at 4 ER 903, that Agent Schneider interviewed Shalom and reviewed documents with him. Agent Schneider testified that each of these persons were an identified investor. So the FBI agent testified these were investors. These weren't people who were just giving loans to the Mizrahi brothers to repay prior investors. And on the computer that was found in the office shared by both brothers, there were signed investor agreements for two of these victims that followed the same exact pattern as the investor agreements that were introduced for other victims that purported that they were getting these extremely high interest rates of 2.5% or more over the course of a single month. And there was also a 2018 email introduced from Motti, the younger brother, saying that the goal was to maximize profits while managing your investment in a reliable and responsible manner. And we think that there was overwhelming evidence that this whole thing was a Ponzi scheme. And in fact, there was no reliable and responsible investment taking place at all. So we think that the jury could infer from the evidence here that all four of these victims were, in fact, defrauded. So those are two reasons to affirm with respect to counts one through four. What's the direct response then to the argument that says, no, that's just a propensity argument? Your Honor, it's not a propensity argument. A propensity argument would say someone has done a bad thing in the past, and therefore, that person continues to do an attack on that same way in the future. It's a very different thing to prove up a scheme to defraud. Say there was rampant fraud going on here in MBIG. This was a Ponzi scheme. And then to say, by the way, here are additional people who engaged in exactly the same kinds of transactions, feeding money into MBIG. And for the jury to conclude, that was all part of the scheme. That's not a propensity inference. If the court has questions on any of the other issues raised in the brief, I'm happy to address them at this point. Thank you. Thank you. We ask the court to affirm. Thank you, Your Honors. Just briefly, scheme to defraud who? It's not just, this is what's been bothering me, I think, this whole time in this case. Scheme to defraud who? Who are the alleged victims of this scheme to defraud? We can't just talk about this scheme to defraud in the air as if it's in the ether. No, you fraud- Can you address your opposing counsel's argument that you did not make this argument below? Of course we make the argument below. I mean, we make it all through our briefs that this is the whole problem. That they didn't prove the victims. I mean, if we do a Control-F for victims in the briefing, we'll find it again and again. And to the idea that- Is that specifically the issue with the naming of the victims in the counts? Can you point me to where- All throughout our brief is, that's the whole premise of our brief, is that they didn't prove the victims in count ones through four. And to the extent he's claiming it wasn't raised below, that's also false. I mean, I wasn't the lawyer below, but I can give you all the quotes. Was the variance argument raised below? That's not the- That's a red herring. Why? Because we're raising an insufficiency of the four counts charged. But if we think the four counts really were used, their money was used to further the scheme to defraud, and that there's sufficient evidence of a scheme to defraud, and the victims were the six people that I've identified, the five investors, one was a married couple, then we've got sufficiency of the evidence. Government is arguing that at most we've got here is a variance because the word victim was used in counts one through four when it probably should have- It's a distraction, and I hope the court doesn't follow down this path. Of course, why? It's a distraction because, again, going back to first principles, don't follow this line. You have to prove what you have charged. You have to prove what you have charged. They have no ever possibility of a variance? Oh, I mean, there is always a possibility of a variance, but here we don't need to get to variance because we have a fundamental failure to prove the charge counts. Well, I'm looking at the first superseding indictment. Okay. Beginning of section C, the misrepresentations, paragraph nine. They talk about misrepresentations to various victim investors. They just don't name the victim investors, but they charge that there was a scheme to defraud, a scheme to defraud victim investors. At trial, we see evidence from the six victim investors that I've already named. Okay, why isn't that enough? Because you have to have a victim. Fraud doesn't exist without a victim. Yes, the six people that I've named. But that's not what was charged, Your Honour. I mean, we can go back and, I mean, I think... We're going to become at an impasse here. Our position is that the government has to prove the charges it's laid. Yes, but if the government charges that there was a scheme to defraud and there was an investment of a number of victims and they don't name who the victims were, they go to trial, they present the victims, the victims testify and the jury finds the evidence sufficient. What's wrong with that? If a defendant wanted to say, hey, we can't adequately defend this, we don't know who the victims are, well, fine, that's what a bill of particulars is for. If the court could look at ER 1385? What would we find there? You will find the verdict form. Okay, I've got that in front of me. Okay, I've got the verdict form. Okay. What did the jury find on the verdict form? We, the jury, in the above-captioned case, unanimously find the defendant guilty of wire fraud as charged in count one of the indictment with what? With respect to the wire clearing a check of approximately $100,000 on the victim, J.B.'s, J.P. Morgan. What do we find in count two? We, the jury, find the defendant guilty as charged with respect to the wire of victim investor B.N. Count three. We, the jury, find the defendant guilty of victim investor E.S. And count four, you know where I'm going. You can't prove this what they had to prove. This is not a matter of a variance. This is a matter of insufficient evidence as a first principle. That's why you can't do what my friend just argued to do. That's not what was charged and that's not what the jury found. If this court can find evidence in this record to support that verdict form, I lose. It can't. I should win. The count should be vacated. Thank you.  This case is submitted.
judges: BADE, SUNG, Simon